■ In the Matter of the Claim for Benefits on Account of the Death of WILLIAM TIVOLI, Deceased Employee, against 141 WEST 110th STREET CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from an award of death benefits arising from the death of one William Tivoli. Tivoli, employed as manager and superintendent of the employer's hotel (or rooming house), was stabbed to death by one Gillingham, who occupied a room on the premises. The first contention of appellants is that the death of Tivoli did not arise out of and in the course of his employment, but resulted from a personal quarrel between Tivoli and the roomer Gillingham, unrelated to Tivoli's employment. Tivoli, a retired policeman aged 78, occupied a small apartment immediately behind the desk and cashier's window on the ground floor. Another roomer had entrusted an electric fan to Tivoli for temporary safe-keeping, but, upon learning that the fan was being used, took it back and loaned it to Gillingham. While Gillingham and several friends were watching a televised baseball game with the fan in operation, Tivoli approached the room and objected to the use of the fan without extra payment of rent. There was some argument then, about 3:00 P.M., but no immediate harm. There is evidence that Gillingham later appeared at the "office", voiced threats and demanded that Tivoli appear from his living quarters. For reasons which do not seem important here, Tivoli did not come out. Much later, and when he was about to be relieved of duty by a "night man" Tivoli went to the front porch to "get a breath of fresh air." He encountered Gillingham, who inquired if his rent was to be raised. Told that it was, something occurred which finally resulted in Tivoli's death from a knife stab. We are asked to infer that Tivoli intended to personally profit from the increased rental due to the use of the fan. The situation is equally open to the inference that the increase in rent was due to the increased cost to the employer for electrical current; and that decedent was furthering the interests of his employer. Appellants seek to make much of the fact that a Grand Jury did not indict Gillingham for an admitted fatal stabbing, and insist that Tivoli was armed with a black jack and was the aggressor in a personal quarrel. Without reciting the evidentiary details, we think this record presents an open question of fact, with substantial evidence to sustain the findings of the board. The two technical grounds urged by appellants do not, in our opinion, warrant a reversal. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.